# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THANOUSONE VOLARAT, | CASE NO. 1:12-cv-01275 GSA PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| MARGARET MIMS, et al., | (ECF No. 1) |
| Defendants. | |

## Screening Order

**I.    Screening Requirement**

Plaintiff is a Fresno County Jail inmate prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Plaintiff's Claims**

Plaintiff is a pretrial detainee housed at the Fresno County Jail. Plaintiff claims that he is being denied adequate medical care. Plaintiff names the following individual defendants: Sheriff Margaret Mims; Edward Moreno, M.D., Director of the Fresno County Department of Health; George Laird, Ph.D., Division Manager, Correctional Health Division, Fresno County Department of Health; Pratap Narayen, M.D., Medical Director, Correctional Health Division, Fresno County Department of Health.

Plaintiff alleges that he made numerous requests for medical services, including the filing of grievances, and that he "still hasn't been treated properly and still hasn't been seen by outside professional medical staff." Plaintiff alleges that due to systematic failure to provide medical care, he has had to endure unnecessary pain and injury and suffering. Plaintiff alleges generally that defendants, in their supervisory capacity, are responsible for the health care and safety of prisoners.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made." Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007)

(quoting <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 9th Cir. 1978)).

### A.  Medical Care

The Eighth Amendment protects inmates from cruel and unusual punishment, which includes the denial of medical care. <u>Estelle v. Gamble</u>, 429 U.S. 97, 102-03 (1976). Pretrial detainees, by contrast, are protected under the Due Process Clause of the Fourteenth Amendment. <u>Conn v. City of Reno</u>, 591 F.3d 1081 (9th Cir. 2010), citing <u>Or. Advocacy Ctr. v. Mink</u>, 322 f.3d 1101, 1120 (9th Cir. 2003).

The Eighth and Fourteenth Amendments both guarantee that inmates and detainees receive constitutionally adequate medical and mental health care. <u>Doty v. County of Lassen</u>, 37 F.3d 540, 546 (9th Cir. 1994). "An official's deliberate indifference to a substantial risk of serious harm to an inmate - including the deprivation of a serious medical need - violates the Eighth Amendment, and a fortiori, the Fourteenth Amendment." <u>Conn</u>, 591 F.3d at1094, quoting <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994); <u>Frost v. Agnos</u>, 152 F.3d 1124, (9th Cir. 1998).

Here, the Court finds Plaintiff's allegations to be vague. Plaintiff sets forth generalized allegations regarding his health care, but fails to charge each individual defendant with specific conduct that caused him injury. Even under a "deliberate indifference" theory of individual liability, Plaintiff must still allege sufficient facts to plausibly establish the defendant's "knowledge of" and "acquiescence in" the unconstitutional conduct of his subordinates. <u>Starr v. Baca</u>, 652 F.3d 1202, 1206-07 (9th Cir. 2011). Plaintiff's "bald" and "conclusory" allegations are insufficient to establish individual liability under 42 U.S.C. § 1983. See <u>Iqbal</u>, 556 U.S. at 569-72.

Further, all of the defendants are named in a supervisory capacity, and Plaintiff appears to be claiming that they are liable on the ground that the health of inmates in the Fresno County Jail is their responsibility. Under section 1983, Plaintiff must prove that the Defendants holding supervisory positions personally participated in the deprivation of his rights. <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002). There is no <u>respondeat superior</u> liability, and each defendant is only liable for his or her own misconduct. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 673 (2009). A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent

3

them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Plaintiff has not alleged any facts suggesting that any of the defendants personally participated any conduct that caused injury to Plaintiff, or knew of any particular violation and failed to act to prevent or correct it. Vague allegations of inadequate medical care, with nothing more, fails to state a claim for relief under section 1983. The complaint must therefore be dismissed. Plaintiff will, however, be granted leave to file an amended complaint.

Plaintiff need not, however, set forth legal arguments in support of his claims. In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law. Plaintiff should state clearly, in his or her own words, what happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff. Plaintiff has failed to do so here.

### III.  Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567

(9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send to Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **October 4, 2012**              /s/ **Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE