# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THANOUSONE VOLARAT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MARGARET MIMS, et al.,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　／ | CASE NO. 1:12-cv-01275 GSA PC<br><br>ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED |

### Screening Order

Plaintiff is a Fresno County Jail inmate prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). This action proceeds on the October 30, 2012, first amended complaint filed in response to the October 4, 2012, order dismissing the original complaint and granting Plaintiff leave to file an amended complaint.

Plaintiff is a pretrial detainee housed at the Fresno County Jail. Plaintiff claims that he is being denied adequate medical care. In the original complaint, Plaintiff named the following individual defendants: Sheriff Margaret Mims; Edward Moreno, M.D., Director of the Fresno County Department of Health; George Laird, Ph.D., Division Manager, Correctional Health Division, Fresno County Department of Health; Pratap Narayen, M.D., Medical Director, Correctional Health Division, Fresno County Department of Health.

Plaintiff alleged that he made numerous requests for medical services, including the filing of grievances, and that he "still hasn't been treated properly and still hasn't been seen by outside

professional medical staff." Plaintiff alleged that due to systematic failure to provide medical care, he had to endure unnecessary pain, injury and suffering. Plaintiff alleged generally that defendants, in their supervisory capacity, were responsible for the health care and safety of prisoners.

Plaintiff was advised that in order to state a claim under section 1983, he must allege facts indicating that (1)defendants acted under color of state law and (2) defendants deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made." Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 9th Cir. 1978)).

The Eighth Amendment protects inmates from cruel and unusual punishment, which includes the denial of medical care. Estelle v. Gamble, 429 U.S. 97, 102-03 (1976). Pretrial detainees, by contrast, are protected under the Due Process Clause of the Fourteenth Amendment. Conn v. City of Reno, 591 F.3d 1081 (9th Cir. 2010), citing Or. Advocacy Ctr. v. Mink, 322 f.3d 1101, 1120 (9th Cir. 2003).

The Eighth and Fourteenth Amendments both guarantee that inmates and detainees receive constitutionally adequate medical and mental health care. Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). "An official's deliberate indifference to a substantial risk of serious harm to an inmate - including the deprivation of a serious medical need - violates the Eighth Amendment, and a fortiori, the Fourteenth Amendment." Conn, 591 F.3d at1094, quoting Farmer v. Brennan, 511 U.S. 825 (1994); Frost v. Agnos, 152 F.3d 1124, (9th Cir. 1998).

In the order dismissing the first amended complaint, the Court found Plaintiff's allegations to be vague. Plaintiff set forth generalized allegations regarding his health care, but failed to charge each individual defendant with specific conduct that caused him injury. Even under a "deliberate indifference" theory of individual liability, Plaintiff must still allege sufficient facts to plausibly establish the defendant's "knowledge of" and "acquiescence in" the unconstitutional conduct of his subordinates. Starr v. Baca, 652 F.3d 1202, 1206-07 (9th Cir. 2011). The Court specifically held

1  that Plaintiff's "bald" and "conclusory" allegations were insufficient to establish individual liability
2  under 42 U.S.C. § 1983.  See Iqbal, 556 U.S. at 569-72.

3       Further, all of the defendants named by Plaintiffs are employed in a supervisory capacity, and
4  Plaintiff appeared to be alleging that they are liable on the ground that the health of inmates in the
5  Fresno County Jail is their responsibility.  Under section 1983, Plaintiff must prove that the
6  Defendants holding supervisory positions personally participated in the deprivation of his rights.
7  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There is no respondeat superior liability, and
8  each defendant is only liable for his or her own misconduct.  Ashcroft v. Iqbal, 556 U.S. 662, 673
9  (2009).  A supervisor may be held liable for the constitutional violations of his or her subordinates
10 only if he or she "participated in or directed the violations, or knew of the violations and failed to
11 act to prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652
12 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009);
13 Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007);
14 Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).  Plaintiff had not alleged any facts
15 suggesting that any of the defendants personally participated any conduct that caused injury to
16 Plaintiff, or knew of any particular violation and failed to act to prevent or correct it.  The Court
17 advised Plaintiff that vague allegations of inadequate medical care, with nothing more, failed to state
18 a claim for relief under section 1983.  The complaint was therefore be dismissed.

19      Plaintiff was directed that he need not, however, set forth legal arguments in support of his
20 claims.  Plaintiff was specifically advised that in order to hold an individual defendant liable, he
21 must name the individual defendant, describe where that defendant is employed and in what
22 capacity, and explain how that defendant acted under color of state law.   Plaintiff should state
23 clearly, in his or her own words, what happened.  Plaintiff must describe what each defendant, *by*
24 *name*, did to violate the particular right described by Plaintiff.

25      In the first amended complaint, Plaintiff names as defendants Sheriff Mims, and the Fresno
26 County Sheriff's Department.  Plaintiff names "all departments involved in the allegation including
27 but not limited to the following, medical, psychological, therapeutical and/or all relevant and/or
28 professional treatment of this petitioner's related injury and/or injuries."  Plaintiff's statement of

claim, in its entirety, follows:

> Fresno medical staff ignored request for urgently required medical attention as mandated by law. The ignorance of medical attention has resulted in grave emotional distress leading to psychological and/or emotional and/or mental effects and/or disturbances etc. This as a result and/or lack of medical attention shows gross negligence on the part of Margaret Mims and the Fresno County Sheriff's Department and/or all Department supervised by same. In that a simple treatable knee injury escalated into a grave and/or chronic medical need which could have been avoided with proper medical care.

(Am. Compl. ¶ IV.)

The Court finds that the first amended complaint fails to correct the deficiencies identified in the original complaint. Plaintiff fails to identify any individual defendants, and fails to charge any identifiable individuals with conduct that constitutes deliberate indifference. Plaintiff was specifically advised that the complaint was vague, and consisted of conclusory allegations. Plaintiff was directed to name individual defendants and allege specific facts indicating what each defendant did that constitutes deliberate indifference. Plaintiff has failed to comply with the order of October 4, 2012. Plaintiff fails to name any of the individual defendants identified in the original complaint, and fails to provide specific allegations linking any individual to conduct that constitutes deliberate indifference. Because Plaintiff has not cured the deficiencies identified in the earlier order, the Court dismisses this action for failure to state a federal claim upon which the court could grant relief. See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987) (prisoner must be given notice of deficiencies and opportunity to amend prior to dismissing for failure to state a claim).

Accordingly, IT IS HEREBY ORDERED that this action is dismissed for failure to state a claim upon which relief can be granted. The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated: **November 8, 2012**         **/s/ Gary S. Austin**
                                 UNITED STATES MAGISTRATE JUDGE

4